FILE COPY

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| JAMES E. CAFFREY )<br><br>Plaintiff, )<br><br>v. )<br>)<br>)<br>METRO-NORTH RAILROAD )<br>COMPANY, CONSOLIDATED RAIL )<br>CORPORATION and AMERICAN )<br>FINANCIAL GROUP, INC., f/k/a )<br>AMERICAN PREMIER )<br>UNDERWRITERS, INC., )<br>f/k/a PENN CENTRAL CORPORATION. )<br>)<br>Defendants. )<br>_____ ) | CIVIL ACTION NO.:<br>3:02 CV 1884 (CFD)<br><br><br><br><br><br><br><br><br><br>February 4, 2003 |

### DEFENDANTS, CONSOLIDATED RAIL CORPORATION AND AMERICAN FINANCIAL GROUP, INC.'S, FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO THE PLAINTIFF

The defendants, Consolidated Rail Corporation ("Conrail") and American Financial Group, Inc., by and through their attorneys, Flynn & Associates, P.C., hereby request that the plaintiff James E. Caffrey, by and through his attorney, respond to the following requests and serve a copy of the responses thereto upon defendants' counsel within thirty (30) days in accordance with Fed.R.Civ.P. 34. These requests are to be regarded as continuing and the plaintiff is requested to provide, by way of supplementary response thereto, such additional information as may hereafter be obtained by you or any person on your behalf which will augment or otherwise modify any response now given to the following requests.

1

**REQUEST NO. 1:**

Any and all medical records, reports, letters and statements, including full and complete hospital records and doctor's records, which were made in connection with the hearing loss allegedly suffered by the plaintiff.

**RESPONSE NO. 1:**


**REQUEST NO. 2:**

Any and all medical bills in the possession, custody or control of the plaintiff which were incurred because of hearing loss allegedly suffered as a result of the plaintiff's hearing loss.

**RESPONSE NO. 2:**


**REQUEST NO. 3:**

Any and all statements taken from or given by the plaintiff which relate in any way to the his alleged hearing loss.

**RESPONSE NO. 3:**


**REQUEST NO. 4:**

Any and all statements taken from or given by the defendants, Conrail and/or Penn Central, their agents, servants and/or employees which relate in any way to the to hearing loss that the plaintiff allegedly received as alleged in his *Complaint*.

**RESPONSE NO. 4:**

2

**REQUEST NO. 5:**

Any and all reports and/or statements, whether in writing or recorded by mechanical and/or electronic means, made by the plaintiff to any of his employers which relate in any way to the allegations of the plaintiff's hearing loss.

**RESPONSE NO. 5:**

**REQUEST NO. 6:**

Any and all reports, statements and letters in the possession, custody or control of the plaintiff which were filled out and/or completed by any expert or experts concerning the plaintiff's alleged hearing loss.

**RESPONSE NO. 6:**

**REQUEST NO. 7:**

Any and all State and Federal Income Tax returns which the plaintiff filed with the State and/or the Federal Government from 1977 and continuing to the present.

**RESPONSE NO. 7:**

**REQUEST NO. 8:**

Any and all documents pertaining to the investigation of the plaintiff's alleged hearing loss.

**RESPONSE NO. 8:**

**REQUEST NO. 9:**

If the plaintiff maintains a diary, a copy of each and every diary entry from January 1, 1977 to the present.

3

**RESPONSE NO. 9:**


**REQUEST NO. 10:**

Any and all medical records, reports, letters and statements, including full and complete hospital records and doctor's records, which were made in connection with any illnesses or injuries or other physical, mental or other conditions the plaintiff incurred, suffered from or for which he has been treated relative to any problems with his hearing, hearing loss and/or problems associated with his ears or any part thereof.

**RESPONSE NO. 10:**


**REQUEST NO. 11:**

Any and all documents containing the names and addresses of all witnesses known to the plaintiff who were witnesses either directly or indirectly to the unreasonably unsafe working conditions and/or excessive noise to which the plaintiff was allegedly exposed.

**RESPONSE NO. 11:**


**REQUEST NO. 12:**

Any and all reports, statements, signed or unsigned, transcribed, and/or written, in the possession, custody or control of the plaintiff which were filled out or completed by any witness to the unreasonably unsafe working conditions and/or excessive noise to which the plaintiff was allegedly exposed.

**RESPONSE NO. 12:**

4

**REQUEST NO. 13:**

Any and all documents, including but not limited to notices, correspondence, reports and/or memoranda from Penn Central and/or Conrail within the possession, custody or control of the plaintiff informing the plaintiff of the results of any and all hearing tests, including but not limited to audiometric testing.

**RESPONSE NO. 13:**

**REQUEST NO. 14:**

Any and all safety rules and/or policies and procedures provided by Penn Central and/or Conrail during the plaintiff's employment with said Penn Central and/or Conrail.

**RESPONSE NO. 14:**

**REQUEST NO. 15:**

Any and all documents, including but not limited to notices, correspondence, reports and/or memoranda, provided by Penn Central and/or Conrail informing and/or warning the plaintiff of the potential dangers of noise exposure.

**RESPONSE NO. 15:**

**REQUEST NO. 16:**

Any and all documents relating to the availability of ear protectors furnished by Penn Central and/or Conrail to the plaintiff.

**RESPONSE NO. 16:**

5

**REQUEST NO. 17:**

Copies of any and all documents pertaining to disability benefits, annuities, railroad retirement benefits and/or temporary wage continuation benefits which the plaintiff has received and/or applied for, either as a result of the incident which is the subject of his complaint or for any other reason.

**RESPONSE NO. 17:**

**REQUEST NO. 18:**

If the plaintiff is not able to provide records in accordance with any of the above-stated requests, then a duly executed authorization signed by the plaintiff for such records is hereby requested in the alternative.

**RESPONSE NO. 18:**

Respectfully submitted,
CONSOLIDATED RAIL CORPORATION and
AMERICAN FINANCIAL GROUP, INC.,
By their Attorneys,

Michael B. Flynn, #ct21215
Lori A. McCarthy #ct19557
FLYNN & ASSOCIATES, P.C.
189 State Street, Sixth Floor
Boston, MA 02109
(617)722-8253
(617)722-8254(facsimile)

G:\F & A\CASE FILES\Norfolk Southern Occupational\Hearing Loss\Caffrey\Pleadings\RPDs to Plaintiff 2.4.03.wpd

6

## CERTIFICATION

This is to hereby certify that a copy of the foregoing has been mailed, postage prepaid, this 4th day of February, 2003, to the following:

Scott E. Perry, Esq
Cahill & Goetsch, P.C.
43 Trumbull Street
New Haven, CT 06511

Anthony Sutton, Esq.
Ryan, Ryan, Johnson & Deluca, LLP
80 Fourth Street
P.O. Box 3057
Stamford, CT 06905

_____
Lori A. McCarthy

UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

*FILE COPY*

—————————————————————X

JAMES CAFFREY,                                    CIVIL ACTION

    Plaintiff                                         No: 3:02CV01884 (CFD)

VS.

METRO-NORTH RAILROAD COMPANY,      September 3, 2003
CONSOLIDATED RAIL CORPORATION,
and AMERICAN FINANCIAL GROUP,
INC., f/k/a AMERICAN PREMIER
UNDERWRITERS, INC., f/k/a PENN
CENTRAL CORPORATION,

    Defendants
—————————————————————X

## PLAINTIFF'S RESPONSE TO DEFENDANTS' CONSOLIDATED RAIL CORPORATION AND AMERICAN FINANCIAL GROUP, INC.'S, FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO THE PLAINTIFF

### REQUEST NO. 1:

Any and all medical records, reports, letters and statements, including full and complete hospital records and doctor's records, which were made in connection with the hearing loss allegedly suffered by the plaintiff.

### RESPONSE NO.1:

See plaintiff's 26a Disclosure.

### REQUEST NO. 2:

Any and all medical bills in the possession, custody or control of the plaintiff which were incurred because of hearing loss allegedly suffered as a result of the plaintiffs hearing loss.

**RESPONSE NO. 2:**

Plaintiff is not claiming any medical costs.

**REQUEST NO. 3:**

Any and all statements taken from or given by the plaintiff which relate in any way to his alleged hearing loss.

**RESPONSE NO. 3:**

None.

**REQUEST NO. 4:**

Any and all statements taken from or given by the defendants, Conrail and/or Penn Central, their agents, servants and/or employees which relate in any way to the hearing loss that the plaintiff allegedly received as alleged in his *Complaint.*

**RESPONSE NO. 4:**

I am not aware of any. To the extent this request seeks statements obtained after the instant lawsuit was filed, the plaintiff objects to this request because any such statements are protected by the work-product doctrine, see Fed. R. Civ. P. 26(b) and need not be disclosed in a privilege log pursuant to Conn. L. R. of Civ. P. 37.

**REQUEST NO. 5:**

Any and all reports and/or statements, whether in writing or recorded by mechanical and/or electronic means, made by the plaintiff to any of his employers which relate in any way to the allegations of the plaintiff's hearing loss.

**RESPONSE NO. 5:**

None.

2

**REQUEST NO. 6:**

Any and all reports, statements and letters in the possession, custody or control of the plaintiff which were filled out and/or completed by any expert or experts concerning the plaintiff's alleged hearing loss.

**RESPONSE NO. 6:**

The plaintiff objects to this request because it seeks expert reports prior to the Court Ordered expert disclosure deadline. The plaintiff will comply with the Court Ordered deadline and produce his expert reports at that time.

**REQUEST NO. 7:**

Any and all State and Federal Income Tax returns which the plaintiff filed with the State and/or the Federal Government from 1977 and continuing to the present.

**RESPONSE NO. 7:**

The plaintiff does not claim lost wages in the instant lawsuit and therefore objects to this request because it is overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Moreover, such records are highly confidential and defendant cannot show a compelling need for production of plaintiff's tax returns to overcome their presumption of confidentiality. See SEC v. Cymaticolor Corp., 106 F.R.D. 545 (S.D.N.Y. 1985) (holding that in order to overcome presumption of confidentiality attributed to personal income tax returns, court must find that they are relevant and that there is a compelling need for the returns because the information contained therein is not otherwise readily obtainable.); Farmers & Merchants National Bank v. San Clemente Financial Group Securities, Inc., 174 F.R.D. 572, 584-85 (D.N.J. 1997) (stating that "a party's income tax returns, even if containing some relevant information, should be protected from discovery as confidential documents if the party seeking protection demonstrates good cause and the availability of reliable financial information from other sources."); Cooper v. Hallgarten & Co., 34 F.R.D. 482, 483-84 (S.D.N.Y. 1964) (stating that "the production of tax returns should not be ordered unless it clearly appears they are relevant . . . and that there is a compelling need therefore because the information contained therein is not otherwise readily obtainable.").

**REQUEST NO. 8:**

Any and all documents pertaining to the investigation of the plaintiff's alleged hearing loss.

3

**RESPONSE NO. 8:**

Plaintiff objects to this request because it is overly broad and because it seeks information protected by the work product doctrine and the attorney client privilege. With respect to any responsive documents obtained prior to commencement of the lawsuit, see plaintiff's 26a Disclosure.

**REQUEST NO. 9:**

If the plaintiff maintains a diary, a copy of each and every diary entry from January 1, 1977 to the present.

**RESPONSE NO. 9:**

None.

**REQUEST NO. 10:**

Any and all medical records, reports, letters and statements, including full and complete hospital records and doctor's records, which were made in connection with any illnesses or injuries or other physical, mental or other conditions the plaintiff incurred, suffered from or for which he has been treated relative to any problems with his hearing, hearing loss and/or problems associated with his ears or any part thereof.

**RESPONSE NO. 10:**

Plaintiff objects to this request as unduly burdensome, overly broad, vague and not reasonably calculated to lead to the discovery of admissible evidence. To the extent this request seeks medical records that do not related to plaintiff's hearing, hearing loss, and/or problems with his ears, the plaintiff objects to this request as overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. With respect to records pertaining to plaintiff's hearing, see plaintiff's 26a Disclosure.

**REQUEST NO. 11:**

Any and all documents containing the names and addresses of all witnesses known to the plaintiff who were witnesses either directly or indirectly to the unreasonably unsafe working conditions and/or excessive noise to which the plaintiff was allegedly exposed.

4

**RESPONSE NO. 11:**

Plaintiff objects to this request as overly broad, vague, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST NO. 12:**

Any and all reports, statements, signed or unsigned, transcribed, and/or written, in the possession, custody or control of the plaintiff which were filled out or completed by any witness to the unreasonably unsafe working conditions and/or excessive noise to which the plaintiff was allegedly exposed.

**RESPONSE NO. 12:**

Plaintiff objects to this request as overly broad, vague, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. To the extent this request seeks reports or statements obtained after the instant lawsuit was filed, the plaintiff objects to this request because any such reports or statements are protected by the work-product doctrine, see Fed. R. Civ. P. 26(b), and need not be disclosed in a privilege log pursuant to Conn. L. R. of Civ. P. 37.

**REQUEST NO. 13:**

Any and all documents, including but not limited to notices, correspondence, reports and/or memoranda from Penn Central and/or Conrail within the possession, custody or control of the plaintiff, informing the plaintiff of the results of any and all hearing tests, including but not limited to audiometric testing.

**RESPONSE NO. 13:**

None other than those, if any, produced by the defendants.

**REQUEST NO. 14:**

Any and all safety rules and/or policies and procedures provided by Penn Central and/or Conrail during the plaintiff's employment with said Penn Central and/or Conrail.

**RESPONSE NO. 14:**

Plaintiff objects to this request since all defendants' rules policies and procedures are in possession of the defendants.

**REQUEST NO. 15:**

Any and all documents, including but not limited to notices, correspondence, reports and/or memoranda, provided by Penn Central and/or Conrail informing and/or warning the plaintiff of the potential dangers of noise exposure.

**RESPONSE NO. 15:**

None.

**REQUEST NO. 16:**

Any and all documents relating to the availability of ear protectors furnished by Penn Central and/or Conrail to the plaintiff.

**RESPONSE NO. 16:**

None.

**REQUEST NO. 17:**

Copies of any and all documents pertaining to disability benefits, annuities, railroad retirement benefits and/or temporary wage continuation benefits which the plaintiff has received and/or applied for, either as a result of the incident which is the subject of his complaint or for any other reason.

**RESPONSE NO. 17:**

Plaintiff objects to this request as overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. No documents exist as a result of the incident which is the subject of this complaint.

6

**REQUEST NO. 18:**

If the plaintiff is not able to provide records in accordance with any of the above-stated requests, then a duly executed authorization signed by the plaintiff for such records is hereby requested in the alternative.

**RESPONSE NO. 18:**

Plaintiff objects to this request as overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence.

FOR THE PLAINTIFF,

By _Scott Perry_____
Scott E. Perry (ct17236)
CAHILL & GOETSCH, P.C.
43 Trumbull Street
New Haven, Connecticut 06511
(203) 777-1000


## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was mailed, postage prepaid, on this 4 day of September, 2003, to Lori A. McCarthy, Esq., Flynn & Associates, P.C., 189 State Street, 6th Floor, Boston, Massachusetts 02109; and to Anthony D. Sutton, Esq., Ryan, Ryan, Johnson & Deluca, LLP, 80 Fourth Street, P.O. Box 3057, Stamford, Connecticut 06905.


_Scott Perry_____
Scott E. Perry

8

**CAHILL & GOETSCH, P.C.**

ATTORNEYS AT LAW

SCOTT E. PERRY

*FILE COPY*

43 TRUMBULL STREET
NEW HAVEN, CONNECTICUT 06511

(203) 777-1000
FAX: [203] 865-5904

May 27, 2003

RECEIVED
MAY 2 9 2003
By_____

Anthony D. Sutton, Esq.
Ryan, Ryan, Johnson & Deluca, LLP
80 Fourth Street, P.O. Box 3057
Stamford, Connecticut  06905

Lori A. McCarthy, Esq.
Flynn & Associates, P.C.
189 State Street, 6th Floor
Boston, Massachusetts 02109

RE:    *Hearing Loss Cases*

Dear Counsel:

       Enclosed are supplemental disclosures with respect to all the hearing loss cases.

       You will find the following:

       1.    Association of American Railroads Report of the Forty-Sixth Membership Meeting of the Medical and Surgical Officers;

       2.    Conrail Memorandum dated November 17, 1982 re: Hearing Conservation Program (17 pages);

       3.    Consolidated Rail Corporation's and Penn Central's Interrogatory Answers from McMahon v. Conrail and Penn Central;

       4.    Conrail Memo dated December 10, 1981 re: Hearing Conservation Meeting (1 page);

       5.    Conrail Memo from Comstock to General Managers et al. dated January 25, 1995 (10 pages);

Anthony D. Sutton, Esq.
Lori A. McCarthy, Esq.
May 27, 2003
Page 2

    6.  Conrail Memo from Catherine Aldinger to Joseph Fulton dated October 28, 1981 re: Hearing Conservation Program (10 pages);

    7.  Conrail Safety Product Bulletin dated March 16, 1992 (19 pages);

    8.  Conrail Safety Dept. Memo re: Hearing Conservation Program (5 pages);

    9.  Memo to Conrail Employees from Richard Sanborn dated October 17, 1988 (6 pages);

    10.  Conrail Hearing Conservation Program Memo (5 pages);

    11.  Conrail Memo dated March 17, 1981 from F.J. Ilsemann re: Hearing Conservation Program (10 pages);

    12.  Conrail Memo dated 12/10/81 from R.A. Dedow re: Hearing Conservation Program (1 page);

    13.  What you should know about On-The-Job Hearing Conservation (8 pages);

    14.  Noise and You - The ABCs of Hearing Conservation (8 pages);

    15.  Metro-North memo from W. J. Mahoney dated January 9, 1998 re: Hearing Conservation Program;

    16.  Metro-North Safety Bulletin No. 175 dated December 16, 1997;

    17.  Metro-North Memo dated December 5, 1986 from Zullig to Polan re: Proposed Conrail Agreement pro rating expenses for certain lawsuits (5 pages with enclosures);

    18.  Metro-North Memo dated July 7, 1988 from Zullig to Herrlin re: Hearing Loss (6 pages with enclosures);

    19.  Hearing Conservation Manual (36 pages);

    20.  Deposition Transcript of John P. Herrlin dated January 21, 1992 (58 pages);

    21.  Deposition Transcript of Dr. Aram Glorig dated November 7, 1994 (322 pages);

Anthony D. Sutton, Esq.
Lori A. McCarthy, Esq.
May 27, 2003
<u>Page 3</u>

    22.   Trial Transcript from Christie and Kelley v. Metro-North and Consolidated Rail Corp dated November 24, 1997 (36 pages);

    23.  Deposition Transcript of Darcel McGee dated July 8, 1997.

    24.  The General Statutes of Connecticut;

    25.  Copy of the Connecticut General Statutes Workmen's Compensation Act for 1961;

    26.   Copy of the New York State Worker's Compensation Bill pertaining to occupational loss of hearing.

Sincerely,

Scott E. Perry

SEP:md
Enclosures

3

## CAHILL & GOETSCH, P.C.
### ATTORNEYS AT LAW

SCOTT E. PERRY

43 TRUMBULL STREET
NEW HAVEN, CONNECTICUT 06511

(203) 777-1000
Fax (203) 865-5904

*RECEIVED*
AUG 1 5 2003
By_____

August 13, 2003

Anthony D. Sutton, Esq.
Ryan, Ryan, Johnson & Deluca, LLP
80 Fourth Street
P.O. Box 3057
Stamford, Connecticut  06905

Lori A. McCarthy, Esq.
Flynn & Associates, P.C.
189 State Street, 6th Floor
Boston, Massachusetts 02109

RE:    *Supplemental Disclosure in Hearing Loss Cases*

Dear Counsel:

      Enclosed is a copy of Metro-North Safety Rule 9040 which prohibits employees from wearing head or ear covering which interferes with vision or hearing.   Please consider this a supplemental 26a disclosure with respect to all the hearing loss cases.

                                    Sincerely,

                                    *Scott Perry*

                                    Scott E. Perry

SEP:md
Enclosure