FILED

lina 4  M 40 AM '04

U S DISTRICT COURT
NEW HAVEN, CONN.

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| RICHARD J. LASKEVITCH | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | CIVIL ACTION |
| | ) | NO.: 3:02 CV 1676 (GLG) |
| METRO-NORTH RAILROAD | ) | FELA HEARING LOSS CASES – MAY BE |
| COMPANY, et al. | ) | FILED IN NEW HAVEN AS ORDERED BY |
| | ) | MAGISTRATE JUDGE MARGOLIS |
| Defendants. | ) | |
| | ) | March 3, 2004 |

**DEFENDANTS, CONSOLIDATED RAIL CORPORATION AND AMERICAN
FINANCIAL GROUP, INC.'S MOTION FOR PROTECTIVE ORDER RE:
PLAINTIFFS' NOTICE OF 30(b)(6) DEPOSITION(S) TO DEFENDANT
CONSOLIDATED RAIL CORPORATION AND PLAINTIFFS' NOTICE OF 30(b)(6)
DEPOSTION(S) TO DEFENDANT AMERICAN FINANCIAL GROUP, INC.**

The defendants, Consolidated Rail Corporation ("Conrail") and American Financial

Group, Inc. ("Penn Central"), in the above-entitled matters, pursuant to Fed.R.Civ.P. Rules

26(c) and 30(b)(6), hereby move that a protective order be entered by the Court relative to the

*Plaintiffs' Notice of 30(b)(6) Deposition(s) Defendant Consolidated Rail Corporation,*

whereby the plaintiffs' requests are limited in the scope of disclosure and/or discovery and

relative to the *Plaintiffs' Notice of 30(b)(6) Deposition(s) Defendant American Financial*

*Group, Inc.*, whereby the deposition not be had, as discussed more fully in the defendants'

*Memorandum of Law*, filed herewith.   Also, pursuant to Fed.R.Civ.P. Rule 26(c), the parties

have conferred, in good faith, in an attempt to resolve the matters relating to the instant *Motion,*

1

as evidence in the accompanying *Certificate*, and have been unable to reach a mutually

satisfactory resolution.

  As grounds for the instant *Motion*, the defendants state as follows: (1) that the testimony

sought by the plaintiffs, as evidenced by the Items listed within their *Notice of Conrail's*

*30(b)(6) Deposition*, which is attached to the defendant's *Memorandum of Law* as Exhibit A,

are irrelevant, overly broad and cumulative, and that the potential benefit of the testimony

requested does not outweigh the burden and expense that would necessarily be incurred by

Conrail; and (2) that the plaintiffs' *Notice of Penn Central's 30(b)(6) Deposition* not be had, as

there is no witness who can designated to testify since Penn Central is no longer in existence.

  Accordingly, the defendants respectfully request that the instant *Motion* be GRANTED,

and that the discovery and/or testimony sought by the plaintiffs be limited accordingly.

       Respectfully submitted,
       CONSOLIDATED RAIL CORPORATION and
       AMERICAN FINANCIAL GROUP, INC.
       By their Attorneys,


       Michael B. Flynn,#ct21215
       Lori A. McCarthy #ct19557
       FLYNN & ASSOCIATES, P.C.
       189 State Street, Sixth Floor
       Boston, MA 02109
       (617)722-8253
       (617)722-8254 (facsimile)

## CERTIFICATION

This is to hereby certify that a copy of the foregoing has been hand-delivered this 3rd day of March, 2004, to the following:

Scott E. Perry, Esq.
Cahill & Goetsch, P.C.
43 Trumbull Street
New Haven, CT 06511

Anthony D. Sutton, Esq.
Ryan, Ryan, Johnson & Deluca, LLP
80 Fourth Street
P.O. Box 3057
Stamford, CT 06905

_____
Lori A. McCarthy

G:\F & A\CASE FILES\CSX OCCUPATIONAL\HEARING LOSS\General Hearing Loss\Pleadings\Def's motion to compel rrpd.12.10.03.doc

3