FILED

MAR 4   11 37 AM '04

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| RICHARD J. LASKEVITCH ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | CIVIL ACTION |
| ) | NO.: 3:02 CV 1676 (GLG) |
| METRO-NORTH RAILROAD ) | FELA HEARING LOSS CASES – MAY BE |
| COMPANY, et al. ) | FILED IN NEW HAVEN AS ORDERED BY |
| ) | MAGISTRATE JUDGE MARGOLIS |
| Defendants. ) | |
| ) | March 3, 2004 |

**DEFENDANT, CONSOLIDATED RAIL CORPORATION AND AMERICAN
FINANCIAL GROUP INC.'S, MEMORANDUM OF LAW IN SUPPORT OF MOTION
FOR PROTECTIVE ORDER RE: PLAINTIFFS' NOTICE OF 30(b)(6)
DEPOSITION(S) TO DEFENDANT CONSOLIDATED RAIL CORPORATION AND
PLAINTIFFS' NOTICE OF 30(b)(6) DEPOSITION(S) TO DEFENDANT AMERICAN
FINANCIAL GROUP, INC.**

The defendants, Consolidated Rail Corporation ("Conrail") and American Financial

Group, Inc. ("Penn Central"), in the above-entitled matters, pursuant to Fed.R.Civ.P. Rules

26(c) and 30(b)(6), hereby file the instant *Memorandum of Law* in support of their *Motion*

requesting that a protective order be entered by the Court relative to: (1) the *Plaintiffs' Notice of*

*30(b)(6) Deposition(s) Defendant Consolidated Rail Corporation,* whereby the scope of the

testimony sought by the plaintiffs be limited as discussed more fully herein; and (2) the

Oral Argument Requested/
Testimony Not Required

1

*Plaintiffs' Re-Notice of 30(b)(6) Deposition(s) to Defendant American Financial Group, Inc.,*

*f/k/a American Premier Underwriters, Inc., f/k/a Penn Central Corporation (hereinafter*

*referred to as "Penn Central"),* whereby the deposition not be had, as no such witness can be

designated since Penn Central is no longer in existence.   Pursuant to Fed.R.Civ.P. Rule 26(c),

the parties have conferred, in good faith, in an attempt to resolve the matters discussed herein

relating to the instant *Motion*, as evidenced in the accompanying *Certificate*, and have been

unable to reach a mutually satisfactory resolution.

## I.    PRELIMINARY STATEMENT:

The plaintiffs in the above-captioned matters (the first two "batches" of pending hearing

loss cases) collectively noticed the deposition of Conrail's designated 30(b)(6) witness(es) for

March 5, 2004, and by agreement of the parties, this deposition was postponed to March 9,

2004, the date which the deposition is currently scheduled.  Additionally, the plaintiffs' noticed

the deposition of Penn Central's 30(b)(6) witness for March 17, 2004.  Despite several

conferences between counsel which resulted in some limitations concerning the subject matters

the plaintiffs wish to explore at this deposition, an agreement could not be reached.

## II.    ARGUMENT:

### A.    THE SCOPE OF THE DISCOVERY/TESTIMONY REQUESTED BY THE PLAINTIFFS SHOULD BE LIMITED TO THE TIME PERIOD WHICH THE PLAINTIFFS WORKED FOR CONRAIL, NAMELY 1976 TO JANUARY, 1984:

2

"The scope of discovery under Fed. R. Civ. P. 26(b) is very broad, 'encompassing any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case.'" H. Lewis Packing, LLC v. Spectrum Plastics, Inc., 2003 U.S. Dist. LEXIS 19062 (D. Conn., Apr. 11, 2003) at *2 *citing* Maresco v. Evans Chemetics, Div. of W.R. Grace & Co., 964 F.2d 106, 114 (2nd Cir. 1992)(quotations omitted). "Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party... Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). "The scope of discovery, however, is not without bounds, and limitations are imposed where the discovery is 'unreasonably cumulative or duplicative,' overly 'burdensome...expensive' or 'the burden or expense of the proposed discovery outweighs its likely benefit.'" H. Lewis Packing, LLC at *2 *quoting* Fed. R. Civ. P. 26(b)(2). Moreover, "an order compelling discovery may be tailored to the circumstances of the case." Id. *citing* Gile v. United Airlines, Inc., 95 F.3d 492, 496 (7th Cir. 1996). Accordingly, the defendant Conrail respectfully requests that the plaintiffs' requests be limited based upon the fact the plaintiffs were employed by Conrail from 1976 to, at the latest, January, 1984.[1]

---

[1]    In 1984, the portion of Conrail which all of the plaintiffs worked for converted to Metro North Railroad Company, and therefore each of the plaintiffs was employed by Metro North, not Conrail, no later than January, 1984. Moreover, as stated in earlier motions, although not one of the above-captioned plaintiffs has worked for Conrail beyond January, 1984, the majority of plaintiffs, if not all of the plaintiffs, claim to have first discovered their respective hearing losses post-1999, some 15 years after last working for the defendant.

3

It is important to note that as of September 30, 2004, Conrail has approximately thirty (30) remaining employees, most of whom provide the functions and services necessary for final accounting. Accordingly, there is no Conrail employee who can be compelled to provide testimony concerning the matters itemized in the plaintiffs' *Notice of Deposition*, and producing any current Conrail employee would only serve to frustrate discovery further. Therefore, in an effort to most fully cooperate in the discovery process, Conrail has contacted one of its former employees, William Barringer, Conrail's former Safety Supervisor, who has graciously agreed to testify, to the best of his ability and subject to the limitations requested herein below, on Conrail's behalf in relation to the plaintiffs' *Notice of Deposition*.

Included in the plaintiffs' *Notice of Deposition* is a list of thirty-two (32) Items about which the plaintiffs wish Conrail's designated 30(b)(6) witness to testify. See Exh. A. Conrail requests that each of these Items be limited to the time period during which the above-entitled plaintiffs worked for Conrail, namely 1976 to January, 1984. As none of the plaintiffs worked for Conrail beyond this date, there can be no argument that Conrail's practices, procedures and policies concerning hearing conservation subsequent to January, 1984 would be relevant to the instant plaintiffs' cases. Moreover, the Items requested by the plaintiffs are overly broad and unduly burdensome, and should therefore be limited to the periods during which the plaintiffs worked for Conrail. Notably, after discussing this issue at length with plaintiffs' counsel,

4

plaintiffs' counsel agreed to limit Item Nos. 6, 7, 8, 9, 27 and 32 to 1976 to 1984. Although the plaintiffs' cooperation in this regard is appreciated, it is simply not enough. Each of the Items listed in the plaintiffs' *Notice of Deposition* must similarly be limited, and in no case should the plaintiffs' requests extend beyond January, 1984.[2]

Furthermore, as the plaintiffs' Item Nos. 19, 20 and 21 concern documents which were prepared in 1988, 1992 and 1995 respectively, Conrail requests that these Items be stricken, and that Conrail not be required to provide testimony concerning these documents.

Finally, in relation to Item No. 23, wherein the plaintiffs seek testimony concerning "the work locations, departments, job descriptions and crafts of the first one hundred individuals who brought hearing loss claims against Conrail and the years said claims were made and/or brought," Conrail does not, and was not required to, maintain such records, and therefore, there is no person who can testify to such matters. Thus, Conrail requests that it be protected from testifying as to Item No. 23.

Therefore, Conrail requests that the Court enter a protective order limiting the testimony sought by the plaintiffs as indicated in their collective *Notice of Deposition*.

**B.    THE PLAINTIFFS' DEPOSITION OF PENN CENTRAL'S 30(b)(6) DEPOSITION NOT BE HAD, AS NO SUCH WITNESS CAN BE DESIGNATED SINCE PENN CENTRAL IS NO LONGER IN EXISTENCE:**

---

[2]    The Court has similarly qualified Conrail's duty of production to the time periods during which the plaintiffs were employed by Conrail in its *Ruling on Plaintiffs' Motion to Compel the "Conrail Defendants"* dated January 23, 2004.

Each of the plaintiffs in the above-referenced matters, with the exception of <u>Compo v.</u>
<u>Metro North, et al.</u>, <u>Laskevitch v. Metro North, et al.</u>, and if following matters worked for Penn
Central from 1968 to 1976: Penn Central ceased to exist in 1976, and therefore, there can be no
witness designated to testify on its behalf.  All transfers of properties of the trustees of Penn
Central, in accordance with the Plan of Reorganization to the Penn Central Corporation (the
reorganized Penn Central Transportation Company) were effected pursuant to the
Consummation Order and Final Decree and thus transferred free and clear of all claims, rights,
demands, interests, liens and encumbrances of every kind and character whether or not properly
or timely files and whether or not approved, acknowledged or allowed in the bankruptcy
proceedings unless otherwise provided for in the Plan of Reorganization by the debtor, Penn
Central.  Furthermore, the plaintiffs in the above-entitled matters, were never employed by
Penn Central Corporation, as Penn Central Corporation has never been a common carrier by
rail.  Accordingly, the defendants respectfully request that Penn Central's 30(b)(6) not be had.

However, once again, in the interest of full and complete disclosure, the defendants
have treated the plaintiffs' list of Items contained within their *Notice of Penn Central's 30(b)(6)*
*Deposition* as a further discovery request, and have attempted to prepare responses thereto,
which will be delivered to the plaintiffs' counsel no later than March 5, 2004.  Additionally,
Mr. Barringer may also possess some information concerning Penn Central, and although he

cannot be designated as a 30(b)(6) witness for Penn Central, and may be able to provide some testimony concerning Penn Central activities.

Accordingly, the defendants request that the Court enter an order precluding the deposition of Penn Central's 30(b)(6) witness, as no such person exists.

## III.    **CONCLUSION:**

For the reasons stated more fully herein above, the defendants respectfully request that their *Motion for Protective Order* be GRANTED.

Respectfully submitted,
CONSOLIDATED RAIL CORPORATION and
AMERICAN FINANCIAL GROUP, INC.
By its Attorneys,

_____
Michael B. Flynn, #ct21215
Lori A. McCarthy #ct19557
FLYNN & ASSOCIATES, P.C.
189 State Street, Sixth Floor
Boston, MA 02109
(617)722-8253
(617)722-8254 (facsimile)

7

## CERTIFICATION

  This is to hereby certify that a copy of the foregoing has been hand-delivered this 3rd day of March, 2004, to the following:

Scott E. Perry, Esq.
Cahill & Goetsch, P.C.
43 Trumbull Street
New Haven, CT 06511

Anthony D. Sutton, Esq.
Ryan, Ryan, Johnson & Deluca, LLP
80 Fourth Street
P.O. Box 3057
Stamford, CT 06905

            _____
            Lori A. McCarthy

G:\F & A\CASE FILES\CSX OCCUPATIONAL\HEARING LOSS\General Hearing Loss\Pleadings\Complete Memo of Law in Support of Protective Order.3.2.04.doc

8

# EXHIBIT "A"

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

———————————————————— X

SAMUEL J. COMPO,                              CIVIL ACTION

    Plaintiff                              NO: 3:02CV1675(PCD)

VS.

METRO-NORTH RAILROAD COMPANY, ET AL.,

    Defendants                              FEBRUARY 4, 2004

———————————————————— X

———————————————————— X

ROBERT L. FUDA,                              CIVIL ACTION

    Plaintiff                              NO. 3:02CV01678 (RNC)

VS.

METRO-NORTH RAILROAD COMPANY, ET AL.,

    Defendants                              FEBRUARY 4, 2004

———————————————————— X

———————————————————— X

JOHN P. GEARY,                              CIVIL ACTION

    Plaintiff                              NO. 3:02CV01679 (WWE)

VS.

METRO-NORTH RAILROAD COMPANY, ET AL.,

    Defendants                              FEBRUARY 4, 2004

———————————————————— X

FELA HEARING LOSS CASE. MAY BE FILED IN NEW HAVEN AS ORDERED BY MAGISTRATE
JUDGE MARGOLIS.

———————————————————————— X

THOMAS KINIRY,                                  CIVIL ACTION

    Plaintiff                                   NO. 3:02CV01680 (JBA)

VS.

METRO-NORTH RAILROAD COMPANY, ET AL.,

    Defendants                                FEBRUARY 4, 2004
———————————————————————— X

———————————————————————— X

RICHARD K. LASKEVITCH,                          CIVIL ACTION

    Plaintiff                                   NO. 3:02CV01676 (GLG)

VS.

METRO-NORTH RAILROAD COMPANY, ET AL.,

    Defendants                                FEBRUARY 4, 2004
———————————————————————— X

———————————————————————— X

JOHN RAGGI,                                     CIVIL ACTION

    Plaintiff                                   NO. 3:02CV01681 (GLG)

VS.

METRO-NORTH RAILROAD COMPANY, ET AL.,

    Defendants                                FEBRUARY 4, 2004
———————————————————————— X

2

02/05/2004 THU 08:48  FAX                                    @016/033

----------------------------------------------X

EDWARD P. RUSSO,                          CIVIL ACTION

    Plaintiff                         NO. 3:02CV01682 (JCH)

VS.

METRO-NORTH RAILROAD COMPANY, ET AL.,

    Defendants                        FEBRUARY 4, 2004
----------------------------------------------X
----------------------------------------------X

JAMES SCOFIELD,                           CIVIL ACTION

    Plaintiff                         NO. 3:02CV1683 (JCH)

VS.

METRO-NORTH RAILROAD COMPANY, ET AL.,

    Defendants                        FEBRUARY 4, 2004
----------------------------------------------X
----------------------------------------------X

MICHAEL SELMONT,                          CIVIL ACTION

    Plaintiff                         NO. 3:02CV1677 (GLG)

VS.

METRO-NORTH RAILROAD COMPANY, ET AL.,

    Defendants                        FEBRUARY 4, 2004
----------------------------------------------X

02/05/2004 THU 08:48 FAX                                                    ☒017/033

——————————————————————X

MILLARD J. SULLIVAN,                          CIVIL ACTION

    Plaintiff                               NO. 3:02CV01684 (JCH)

VS.

METRO-NORTH RAILROAD COMPANY, ET AL.,

    Defendants                              FEBRUARY 4, 2004
——————————————————————X
——————————————————————X

FRANCIS BAKUTIS,                              CIVIL ACTION

    Plaintiff                               NO. 3:02CV01877 (MRK)

VS.

METRO-NORTH RAILROAD COMPANY, ET AL.,

    Defendants                              FEBRUARY 4, 2004
——————————————————————X
——————————————————————X

ROBERT C. BLACK,                              CIVIL ACTION

    Plaintiff                               NO. 3:02CV01873 (AVC)

VS.

METRO-NORTH RAILROAD COMPANY, ET AL.,

    Defendants                              FEBRUARY 4, 2004
——————————————————————X

4

02/05/2004 THU 08:48 FAX                                                    ☑018/033

_____ X

JAMES CAFFREY,                                CIVIL ACTION

    Plaintiff                                NO. 3:02CV01884 (CFD)

VS.

METRO-NORTH RAILROAD COMPANY, ET AL.,

    Defendants                              FEBRUARY 4, 2004
_____ X

_____ X

CHARLES KANE,                                 CIVIL ACTION

    Plaintiff                                NO. 3:02CV01878 (CFD)

VS.

METRO-NORTH RAILROAD COMPANY, ET AL.,

    Defendants                              FEBRUARY 4, 2004
_____ X

_____ X

FREDERICK N. KOVAL,                           CIVIL ACTION

    Plaintiff                                NO. 3:02CV01879 (GLG)

VS.

METRO-NORTH RAILROAD COMPANY, ET AL.,

    Defendants                              FEBRUARY 4, 2004
_____ X

☑019/033

```
---------------------------------------X
```

SIGISMONDO LoVERME,                          CIVIL ACTION

    Plaintiff                              NO. 3:02CV01880 (PCD)

VS.

METRO-NORTH RAILROAD COMPANY, ET AL.,

    Defendants                           FEBRUARY 4, 2004
```
---------------------------------------X
```

```
---------------------------------------X
```

ALFRED C. SCHUMACHER,                        CIVIL ACTION

    Plaintiff                              NO. 3:02CV01875 (AHN)

VS.

METRO-NORTH RAILROAD COMPANY, ET AL.,

    Defendants                           FEBRUARY 4, 2004
```
---------------------------------------X
```

```
---------------------------------------X
```

TIMOTHY STRAND,                              CIVIL ACTION

    Plaintiff                              NO. 3:02CV01883 (AWT)

VS.

METRO-NORTH RAILROAD COMPANY, ET AL.,

    Defendants                           FEBRUARY 4, 2004
```
---------------------------------------X
```

02/05/2004 THU 08:48  FAX

☑020/033

_____ X

TIMOTHY SWEENEY,                              CIVIL ACTION

     Plaintiff                                  NO. 3:02CV01872 (RNC)

VS.

METRO-NORTH RAILROAD COMPANY, ET AL.,

     Defendants                              FEBRUARY 4, 2004

_____ X

### PLAINTIFFS' NOTICE OF 30(b)(6) DEPOSITION(S) TO DEFENDANT CONSOLIDATED RAIL CORPORATION

PLEASE TAKE NOTICE that pursuant to F.R.C.P. 30(b)(6) the plaintiffs in the above-entitled actions will take the deposition of one or more officers, directors, or managing agents, or other persons who consent to testify on Consolidated Rail Corporation's behalf concerning the following matters:

1.  All hearing conservation efforts made by Conrail with respect to the above-captioned plaintiffs and the years any such efforts were made.

2.  Conrail's efforts to educate the above-captioned plaintiffs about the risks associated with exposure to loud noises, including the years any such efforts were made.

3.  Conrail's efforts to warn the above-captioned plaintiffs about the risks associated with exposure to loud noises, including the years any such efforts were made.

4.  Conrail's efforts to reduce exposure to loud noise for the above-captioned plaintiffs, including the years any such efforts were made.

5.  Conrail's efforts to provide the above-captioned plaintiffs with hearing protection, including the years any such efforts were made.

7

@021/033

02/05/2004 THU 08:49 FAX

6.  Conrail's efforts to measure noise levels in and around maintenance of way equipment, track department equipment, including the years any such efforts were made and the results of any such efforts.

7.  Conrail's efforts to measure noise levels in and around tie gangs, surfacing gangs, rail gangs, yard gangs and Maintenance of Way equipment shops, including the year any such efforts were made and the results thereof.

8.  Conrail's efforts to measure noise levels at the work locations of the above-captioned plaintiffs and the years any such efforts were made and results thereof.

9.  All noise testing and test results performed by Conrail or by its agents, consultants or contractors on the following equipment and/or locations from 1976 through the present:

Locomotive Engines, FL 9s, Budd Cars, SPVs, Air Compressors, Hydraulic Equipment, Wheel Presses, Locomotive Test Areas, Air Brakes, Metal Cutting Lathes, Boring Mill Machines, Hifty Guns, Bolt Driver-bucket-truck motors, Diesel Shops, Diesel Engines, Diesel Generators, Generators in Power Substations, Bonding Machines, Drilling Machines, Chop Saws, Tie Gang Equipment, Track Department Equipment, Ballast Regulators, Vacuum Trucks, "Suck Trucks," Tampers, Sweepers, Welded Rail Jobs, Concrete Tie Jobs, Jackhammers, Locomotive Horns, Locomotive Whistles, Track Department Equipment Horns, Boilers, Steam Generators, Boiler Rooms, Oil Pumps, Condenser Rooms, Electric Train Engines, Drilling Machines, Chain Saws, Snow Blowers, Leaf Blowers, Hydraulic Drills, Hydraulic Saws, High Voltage Switch Explosions, Tamping Equipment, Spikers, Grinders, Bucket Trucks, Spike Pullers, Rail Saws, Tampers, Track Cranes, Pile Drivers, Sweepers, Welding Equipment, Work Trains, Tie Inserters, Tie Injectors, Power Saws, Abrasive Saws, Rail Grinders, Pneumatic Hammers, Tie Shears, Tie Handlers, Hydraulic Cranes, Burro Cranes, American Cranes, Tie Borers, Spike Pullers, Nut Runners, Bonding Machines, Drilling Machines, Chop Saws, Little Giant Cranes, Air Compressors, Back Hoe Stamper, Scarafire, Plate Machines, Snow Jets, Bulldozers, Lining Machines, Gas Engines and Generators, and Retarders.

10.  Conrail's "Proposed Hearing Conservation Work Plan" dated March 17, 1981 (attached as Appendix 1 to the plaintiffs' January 16, 2004 Request To Admit); including all the reasons why the document was prepared, all the reasons why Conrail was trying to implement a hearing

☒022/033

02/05/2004 THU 08:49 FAX

conservation program and the identity of the individuals who made the decision to implement such a plan.

11. Conrail's March 20, 1981 meeting in the Medical Center concerning Conrail's Hearing Conservation Program."

12. Conrail's "Proposed Hearing Conservation Amendment" dated October 28, 1981 (attached as Appendix 2 to the plaintiffs' January 16, 2004 Request to Admit); including all comments Conrail submitted to OSHA re: same.

13. Conrail's December 10, 1981 Hearing Conservation Meeting and Memo pertaining to same (attached as Appendix 3 to the plaintiffs' January 16, 2004 Request to Admit).

14. F.J. Ilsemann's presentation to upper management on "Noise".

15. "Noise and You The ABC's of Hearing Conservation" (attached as Appendix 4 to the plaintiffs' January 16, 2004 Request to Admit); including to who and what departments it was distributed and whether it was distributed by Conrail at any training programs.

16. Conrail's November 17, 1982 Memorandum re: Hearing Conservation Program and Guidelines (attached as Appendix 5 to the plaintiffs' January 16, 2004 Request to Admit) and all "other equipment not listed above, but deemed noisy" as referenced on Exhibit A of App. 5 and whether such equipment was included in Conrail's Hearing Conservation Program and when it was included in Conrail's Hearing Conservation Program.

17. All the reasons why Conrail did not implement a hearing conservation program in the 1970's.

18. "Conrail Hearing Conservation Program" 5 page memo, the date/year it was drafted, the individuals responsible for drafting it, the departments, crafts, work locations and individuals to whom it was distributed and when it was distributed to same (attached as Appendix 6 to the plaintiffs' January 16, 2004 Request to Admit).

@023/033

02/05/2004 THU 08:49 FAX

19.  Conrail's October 17, 1988 letter from Richard Sanborn to "Conrail Employee" and attachments (attached as Appendix 7 to the plaintiffs' January 16, 2004 Request to Admit); including when the document on the fourth page of App. 7 was prepared and distributed; to whom it was distributed; all the potential "noise hazards" turned up in Conrail's noise surveys as referenced in paragraph 4; and all the "affected areas" referenced in paragraph 4.

20.  Conrail's March 16, 1992 Safety Bulletin re: Hearing Protection Update (attached as Appendix 8 to the plaintiffs' January 16, 2004 Request to Admit).

21.  Conrail's January 25, 1995 Memorandum re: Hearing Conservation Program Policy and Procedure Manual and the accompanying materials (attached as Appendix 9 to the plaintiffs' January 16, 2004 Request to Admit).

22.  "What you should know about On-The-Job Hearing Conservation" (attached as Appendix 10 to the plaintiffs' January 16, 2004 Request to Admit); including when it was distributed, why it was distributed, to who distributed it and to whom it was distributed.

23.  The work locations, departments, job descriptions and crafts of the first one hundred individuals who brought hearing loss claims against Conrail and the years said claims were made and/or brought.

24.  All written instructions and/or materials Conrail provided to the above-captioned plaintiffs by Conrail pertaining to hearing protection and limiting or reducing exposure to noise.

25.  The names, titles and addresses of defendants' employees involved in drafting, formulating and implementing defendants' hearing conservation measures and policies.

26.  The names, titles, last known addresses of the members of defendant's Safety Department from 1976 through 1984.

02/05/2004 THU 08:49 FAX                                                          ☒024/033

27. Conrail's hearing conservation measures and policies, including all hearing conservation efforts and activities undertaken by members of defendants Health Services and Safety Departments from 1976 through the present.

28. Conrail's 1979 Maintenance of Way Noise Survey.

29. Conrail's membership status with respect to the Association of American Railroads (AAR) from 1976 through 1988 including the identity of any Conrail representatives who attended any meetings or conferences sponsored by the AAR that discussed noise induced hearing loss and the contents of all documents distributed at any such meetings or conferences.

30. All written rules, regulations, and/or guidelines implemented by Conrail between 1976 and 1984 requiring any of the above-captioned plaintiffs to wear hearing protection at any time as part of their job.

31. The names and job titles of all Conrail employees or officers who were members of the Medical And Surgical Officers section of the AAR and the years they were members.

32. Conrail's hearing conservation program.

on **Friday, March 5, 2004 at 9:30 a.m.** at the office of CAHILL & GOETSCH, P.C., 43 Trumbull Street, New Haven, Connecticut, upon oral examination pursuant to the Federal Rules of Civil Procedure before an Official Court Reporter, or before some other competent authority.

The oral examination will continue from day to day until completed. You are invited to attend and cross-examine.

11

☒025/033

FOR THE PLAINTIFFS,

By _____
Scott E. Perry (ct17236)
CAHILL & GOETSCH, P.C.
43 Trumbull Street
New Haven, Connecticut 06511
(203) 777-1000

## CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing was faxed and mailed, postage prepaid, on this 5th day of February, 2004, to Lori A. McCarthy, Esq., Flynn & Associates, P.C., 189 State Street, 6th Floor, Boston, Massachusetts 02109; and to Anthony D. Sutton, Esq., Ryan, Ryan, Johnson & Deluca, LLP, 80 Fourth Street, P.O. Box 3057, Stamford, Connecticut 06905.

_____
Scott E. Perry